# EXHIBIT "A"

Christian R. West (17545)
**WEST INJURY LAW**
300 E 4500 S, Suite 103
Murray, UT 84107
801.210.7410 (main)
385.393.1796 (facsimile)
christian@westinjurylawyer.com

*Attorney for Plaintiffs*

---

IN AND FOR THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| RICHARD L. SCOTT, an individual, and DIANE P. SCOTT, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, a.k.a. CIGNA GROUP INSURANCE, <br><br> Defendant. | **COMPLAINT** <br> **(Tier II)** <br><br> **Case No.** _____ <br><br> **Judge.** _____ |

Richard Scott and Diane Scott ("Plaintiffs") complain and allege for causes of action

against Life Insurance Company of North America, a.k.a. Cigna Group Insurance ("Defendant")

as follows:

## NATURE OF ACTION

1.      This action is brought to enforce Plaintiffs' rights which are protected by the

Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et. seq.*, and 29 U.S.C. §

1132(a)(1)(B). This action arises from the Defendant's refusal to provide benefits under a group

accidental death and dismemberment insurance policy number OK 968343 (the "Policy"), which

is administered as a qualifying employee benefit plan under ERISA.

## PARTIES, JURISDICTION, VENUE, AND TIER

2.     Plaintiffs are individuals who reside in Salt Lake County, Utah.

3.     Plaintiffs are listed as beneficiaries under the Policy.

4.     Defendant is the claims administrator for the T.D. Williamson, Inc.'s accidental death and dismemberment and supplement accidental death and dismemberment insurance benefits and is an insurance company authorized to do business in the State of Utah.

5.     Defendant handled the policy claim through its agent or subsidiary, Cigna Group Insurance, an insurance company authorized to do business in the State of Utah.

6.     Upon information and belief, at all times relevant to this action, Defendant Cigna both administered and managed the processing and payment of claims under the policy.

7.     Plaintiffs have fully exhausted their administrative remedies.

8.     This Court has jurisdiction over this action because it is based on ERISA, specifically Section 502(a)(1)(B), and Section 502(a)(3).

9.     Venue is proper because there is concurrent jurisdiction in this state district court for a claim made under ERISA, Section 502(a)(1)(B).

10.    Pursuant to Rule 8(a) of the Utah Rules of Civil Procedure, Plaintiff alleges that this case involves claimed damages of less than $300,000, but more than $50,000 and that this is, therefore, a Tier 2 case within the meaning of Utah Rule of Civil Procedure 26(c)(3).

## FACTUAL ALLEGATIONS

11.    On or about February 1, 2016, Jason Alexander Scott ("Jason") applied for life insurance benefits under the Policy with a limit of $140,000.

12.    Plaintiffs were listed as the beneficiaries of the Policy and therefore are entitled to any available death benefits.

13.     The application was filled out accurately, completely and was factually correct.

14.     Jason was being treated for post-traumatic stress syndrome by Veteran affairs due to a traumatic brain injury following his deployments to Afghanistan and Washington, D.C.

15.      However, the treatment was not providing much reprieve and therefore Jason self-medicated by using Kratom.

16.     On February 17, 2021, Jason tragically died by drug overdose, and Plaintiffs immediately submitted claim to Defendant for death benefits due under the Policy.

17.     The Policy was in effect at the time of the accident involving Jason.

18.     The Policy is an insured plan.

19.     An autopsy was performed on Jason.

20.     The Certificate of Death concerning Jason was issued by a competent medical examiner, Jason G Lozano, MD, Office of the Medical Examiner.

21.     The Certificate of Death and medical examiner stated Jason's manner of death was an "Accident."

22.     The Certificate of Death and medical examiner stated the cause of death was apparent drowning with the contributing conditions of mitragynine intoxication and atherosclerotic cardiovascular disease.

23.     The Certificate of Death and the medical examiner did not provide any other cause of death for Jason.

24.     A toxicology report was performed on Jason.

25.     Any and all prescription drugs found by the toxicology report were lawfully prescribed to Jason.

COMPLAINT                                                                                                    3

26.     Kratom's most active alkaloid, mitragynine, was also found in the toxicology report.

27.     Kratom is a legal over the counter medication that is widely used for its numerous health benefits when taken in proper dosage.

28.     Defendant denied the benefits, stating that the denial was because Jason's death does not qualify as a Covered Accident and that two exclusions applied to bar such coverage under the policy.

29.     Defendant relied upon the following for denying Plaintiff's claim:

a.      T.D. Williamson, Inc. policy OK 968343

b.      Group/Association Proof of Loss claim form

c.      State of Utah Certificate of Death for Jason

d.      Report from Riverton Police Department

e.      Irix Pharmacy Canvas for Jason

f.      Patient Care Reports from Unified Fire Authority

g.      Reports from Office of the Medical Examiner

h.      File review completed by Medical Director Shadrach H. Jones, MD

i.      The Plaintiff's letter of appeal received on 07/06/21 with Amended

        History for Mr. Scott's Certificate of Death

j.      Kratom Drug Facts from the National Institute on Drug Abuse

k.      Department of Justice/Drug Enforcement Administration Drug Fact Sheet

on Kratom

30.     In Plaintiffs' appeal, Plaintiffs provided supporting Utah insurance case law, along with 10th Circuit case law interpreting very similar policy language.

COMPLAINT                                                                          4

31.     Defendant's appeal department again reviewed the claim and the additional documents, and then, again denied the claim in August 2021.

32.     Upon information and belief, Defendant claimed the appellate review was carried out by the same person within the same department who made the initial determination to deny the claim.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

33.     Plaintiffs reallege and incorporate by this reference the foregoing paragraphs of this Complaint.

34.     ERISA Sec. 502(a)(1)(B), 29 U.S.C. Sec. 1132(a)(1)(B) permits a plan participant or beneficiary to bring a civil action to "recover benefits due [him] under the terms of [his] plan."

35.     Plaintiffs are eligible under the Policy, and properly made a claim for death benefits under the Policy.

36.     Plaintiffs have exhausted the required administrative appeals processes.

37.     Plaintiffs are entitled to the death benefit of $140,000 under the Policy's terms and any other benefits available under the Policy.

38.     Plaintiffs were wrongfully denied the benefit that they were entitled to.

39.     Such actions by Defendant constitute a material breach of the life insurance contract.

40.     Such breach caused Plaintiffs to be injured and incur consequential damages in a sum of more than $140,000 for which Defendant is liable.

41.     Plaintiffs are entitled to prejudgment interest.

42.     Plaintiffs are entitled to attorney fees and costs.

## SECOND CAUSE OF ACTION

COMPLAINT                                                                                          5

**(Breach of Fiduciary Duty)**

43.     Plaintiffs reallege and incorporate by this reference the foregoing paragraphs of this Complaint.

44.     ERISA Sec. 502(a)(3), 29 U.S.C. Sec. 1132(a)(3) permits a plan participant or beneficiary to bring a civil action to "(A) enjoin any act or practice which violates any provision of this subchapter of the terms of the plan, or (B) to obtain the other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

45.     Defendant is a plan and claim fiduciary with a fiduciary responsibility to Plaintiffs.

46.     Defendant was acting in its fiduciary capacity when it administered and denied Plaintiffs' claim for benefits.

47.     Defendant breached its fiduciary duties to Plaintiffs by failing to properly evaluate the claim, failing to review the submitted documents, case law and medical records, and by failing to set forth the basis of the denial more clearly considering compelling and competent case law and medical documents.

48.     A cognizable loss, in the amount of $140,000.00 resulted to Plaintiffs because of the breach of fiduciary duty to Plaintiffs.

49.     Plaintiffs are entitled to prejudgment interest and the payment of their attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray judgment against the Defendant as follows:

COMPLAINT                                                                                           6

1.      For the payment of the accidental death and dismemberment benefit in the amount of at least $140,000;

2.      For any other benefits due and accruing under the plan;

3.      For prejudgment interest at the legal rate;

4.      For costs, interest and attorney fees to the extent allowed by law;

5.      For such other relief as the Court deems appropriate.

DATED this December 20, 2021.


/s/ Christian R. West
Christian R. West
WEST INJURY LAW

*Attorney for Plaintiffs*