IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICHARD L. SCOTT, an individual, and DIANE P. SCOTT, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, a/k/a CIGNA GROUP INSURANCE, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRO HAC VICE ADMISSION <br><br> Case No. 2:22-cv-00031-JCB <br><br> Magistrate Judge Jared C. Bennett |

Before the court is Local Counsel Karina Sargsian's Motion for Pro Hac Vice Admission of Jack M. Englert, Jr. ("Mr. Englert").[1] After reviewing the motion and related attachments, the court denies the motion finding that the information provided fails to demonstrate "good cause" sufficient to warrant an exception to the court's local rule regarding *pro hac vice* admission.

## ANALYSIS

Federal Rule of Civil Procedure 83 and 28 U.S.C. § 2071 authorize federal courts to promulgate local rules of practice.[2] In addition, 28 U.S.C. § 1654 empowers each federal district to regulate the admission of attorneys: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively,

---

[1] ECF No. 7.

[2] *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 577 (D.P.R. 2012) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)).

are permitted to manage and conduct causes therein."[3] In the District of Utah, attorneys who are not admitted to practice law in Utah, may move for admission *pro hac vice* pursuant to the requirements of local rule DUCivR 83-1.1(c).[4]

The Latin phrase *pro hac* vice means: "For this occasion or particular purpose," and usually "refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case."[5] Applying this phrase to the practice of law, the Supreme Court has described *pro hac vice* attorneys as "[o]ne-time or occasional practitioners."[6] Said another way, "'[a]dmission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis.'"[7] The American Bar Association confirms this characterization of *pro hac vice* admission in its model rules which provide that "a court may deny *pro hac vice* admission if the applicant has engaged in such frequent appearances as to constitute regular practice in [a] state."[8] Although courts have routinely "permitted out-of-state lawyers to appear *pro hac vice*, such

---

[3] 28 U.S.C. § 1654.

[4] DUCivR 83-1.1(c).

[5] Black's Law Dictionary (11th ed. 2019).

[6] *Frazier v. Heebe*, 482 U.S. 641, 647 (1987).

[7] *Mateo*, 841 F. Supp. 2d at 579 (alteration in original) (quoting *In re Reza*, 138 B.R. 190, 191 (Bankr. S.D. Ohio 1992)).

[8] ABA Model Rule on Pro Hac Vice Admission R. I.(D)(3)(d) (2002), *available at* https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mjp_migrated/rule_prohac.pdf.

practice is guaranteed neither by statute nor by the Constitution."[9] "The Supreme Court has observed, approvingly, that in many District Courts, the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary."[10]

In the District of Utah, local rule DUCivR 83-1.1(c) provides the eligibility requirements and the restrictions for attorneys seeking *pro hac vice* admission.[11] Seeking to ensure that the designation *pro hac vice* retains its intended purpose and meaning, DUCivR 83-1.1 provides a clear definition of what constitutes "frequent appearances" or "regular practice in [the] state."[12] The Rule restricts *pro hac vice* admission to any attorney who "has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar."[13]

In this case, Mr. Englert's application for *pro hac vice* admission indicates that he has been admitted *pro hac vice* in 23 unrelated cases in the previous 5 years.[14] Recognizing the obvious fact that 23 cases in the previous 5 years far exceeds the Rule's limit of 3, Mr. Englert

---

[9] *Mateo*, 841 F. Supp. 2d at 577 (relying on *Leis v. Flynt*, 439 U.S. 438, 443 (1979) (per curiam) ("[T]he Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."), *reh'g denied,* 441 U.S. 956 (1979)).

[10] *Id.* (quotations and citations omitted).

[11] DUCivR 83-1.1(c)(1).

[12] ABA Model Rule on Pro Hac Vice Admission R. I.(D)(3)(d) (2002), *available at* https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mjp_migrated/rule_prohac.pdf.

[13] DUCivR 83-1.1(c)(1)(A)(iii).

[14] ECF No. 7-1 at 5-7 (Exhibit B's reference to *Robert H., et al. v. Cigna Health & Life Ins. Co.,* on page 7 incorrectly identifies the case number as 1:18-cv-00918. The correct case number is 2:18-cv-00918).

offers several reasons why, given the nature of his practice, he has "good cause" for "not seeking admission to the Utah State Bar." Mr. Englert claims that good cause exists because:

> (1) [The] [a]pplicant's prior admissions have been limited to ERISA cases only; (2) ERISA litigation does not involve discovery of any kind; (3) ERISA litigation is restricted to, and controlled by, evidence contained in the administrative claim file, and ERISA outcomes are determined by a ruling based on legal arguments set forth in the parties' briefs; and (4) [the] [a]pplicant does not conduct any other type of legal work, except ERISA litigation, in the state of Utah.[15]

Mr. Englert's reasons fail to establish good cause why he should be exempted from the requirements of the Utah State Bar. First, Mr. Englert's 23 *pro hac vice* appearances in this District during the past 5 years turns the meaning of this Latin phrase on its head.[16] Mr. Englert's frequent appearances are far from "occasional" and more akin to the "regular practice" of law in this jurisdiction.[17] Second, that Mr. Englert specializes in litigating a particular type of case that is not discovery intensive is irrelevant to showing why he should be exempted from being

---

[15] ECF No. 7 at 2.

[16] Although Exhibit B indicates that Mr. Englert has appeared in 23 cases in the past 5 years, the court's records show that Mr. Englert has actually appeared as *pro hac vice* counsel in 37 cases in the past 5 years. Exhibit B to Mr. Englert's Application omits the following 14 cases: 1:17-cv-00134 (admission date 12/28/17); 1:20-cv-00121 (admission date 11/10/20); 2:16-cv-01213 (admission date 03/20/17); 2:17-cv-00101 (admission date 04/28/17); 2:17-cv-00110 (admission date 04/28/17); 2:17-cv-192 (admission date 03/21/17); 2:17-cv-252 (admission date 04/05/17); 2:17-cv-818 (admission date 10/02/17); 2:17-cv-904 (admission date 10/24/17); 2:17-cv-1044 (admission date 10/20/17); 2:17-cv-01209 (admission date 11/20/17); 2:17-cv-01330 (admission date 03/12/18); 2:18-cv-00763 (admission date 10/31/18); 2:18-cv-00764 (admission date 11/05/18).

[17] A search of Mr. Englert's name in the court's electronic filing system indicates that Mr. Englert has been granted *pro hac vice* status 94 times since 2001.

subject to membership and regulation by the Utah State Bar especially given the volume of cases he has brought before this court. The Utah State Bar regulates the conduct of attorneys in both discovery-intensive and non-discovery intensive cases. The type of case and the amount of discovery involved has no bearing on bar regulation because the Utah State Bar regulates attorneys who do not litigate at all. Consequently, those who engage in the regular practice of law—especially in courts located in the State of Utah—should be governed by the entity that licenses and regulates those practitioners. Mr. Englert—who has litigated between 23 and 37 cases in Utah in the past five years—regularly practices in Utah but has not provided any reason why he should be exempted from the Utah State Bar's direct regulation. Thus, based on Mr. Englert's proffered reasons, the court is unable to conclude that good cause exists and that an exception should be granted for a request that exceeds the parameters of the Local Rule.

## CONCLUSION

For the reasons stated, the Motion for Pro Hac Vice Admission of Jack M. Englert, Jr.[18] is denied.

DATED January 27, 2022.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 7.